## Moyer Estate

*Gordon Butterworth,* for accountants.

*Philip A. Bregy, MacCoy, Evans & Lewis, Peter M. Matoon, H. Ober Hess, Alfred W. Putnam, A. J. Drexel Paul, Jr., Thomas Hart,* and *Anthony Whitaker,* for objectants.

KLEIN, P. J., July 20, 1964.—By adjudication dated May 29, 1963, the first and final account of William Harry Hipple and Gordon Butterworth, executors, was confirmed nisi. No exceptions were filed to the adjudication, which directed that a schedule of distribution be submitted to the auditing judge within 90 days after the absolute confirmation of the account. The schedule so ordered was finally filed on April 7, 1964, and objections have been filed thereto, as hereinafter stated. challenging the formula used in allocating taxes.

At the audit of the account a question was raised with respect to the validity of certain legacies made to

designated charities, which was disposed of in the adjudication in the following language:

"By her will the testatrix bequeathed, inter alia, $500 to 'Women's Auxiliary of the Salvation Army Booth Memorial Hospital'; $3,000 to 'Sacred Heart, Free Cancer Clinic' (the correct title of which is stated to be Sacred Heart Free Home for Incurable Cancer); $1,000 to St. Mark's Evangelical Lutheran Church; $5,000 to each of Lankenau Hospital and Lutheran Home for Orphans and Aged; $1,000 to Dr. Jesse Royer Greaves School for the Blind; and $2,000 to Oncologic Hospital (the correct title of which is stated to be The American Oncologic Hospital). The will of the testatrix was executed within thirty days of her death. At the audit Mr. Butterworth produced the testatrix's original will of October 13, 1959, and codicils thereto dated November 25, 1959, and October 26, 1961, respectively, copies of which are annexed hereto, and the subscribing witnesses to the said will and codicils testified to their execution by the decedent. All of the aforesaid bequests, in identical amounts, are contained in the said will of October 13, 1959, and were confirmed by the aforesaid codicils. The will of October 13, 1959, contains a provision similar to that in the will admitted to probate to the effect that the parties entitled to the pecuniary legacies shall take a share of the residue in proportion to their respective legacies. Since the will admitted to probate contains more bequests than the previous will, the share of the aforesaid legatees in the present estate is less than what they would have received under the previous will. As provided in Section 7 (1) of the Wills Act of 1947, the aforesaid bequests for religious or charitable purposes are therefore valid, and they will be so awarded."

The tax clause in the 1959 will provides:

"SIXTH: In order to accomplish the above result, I direct that any and *all inheritance, estate, succession*

*and other death taxes*, of whatever nature and by whatever jurisdiction or authority imposed, together with the interest and penalties, if any, assessed against my Estate or against any persons by reason of their taking under my Will, or payable by reason of my death with respect to any and all property (except such as passes to any charity, named in Paragraph FOURTH) *shall not be charged to such person under this Will, but shall be paid by my Estate without reimbursement, as if such taxes were administration expenses*, at such time or times as my Executors shall deem advisable, from the principal of my residuary estate. All such charities designated in Paragraph FOURTH shall pay any and all death, transfer or inheritance taxes against such share as they shall take if any shall be payable." (Italics supplied.)

This plan of assessing taxes was changed by the 1962 will which states:

"SEVENTH: In order to accomplish the above results, I direct that any and *all inheritance, estate, succession and other death taxes*, of whatever nature and by whatever jurisdiction or authority imposed, together with interest and penalties, if any, assessed against my Estate or against any persons by reason of their taking under my Will, or payable by reason of my death with respect to any and all property *shall be charged to and payable by such legatee*. All such charities designated in Paragraph FOURTH shall pay any and all death, transfer or inheritance taxes against such share as they shall take if any shall be due and payable." (Italics supplied.)

In the preparation of the schedule of distribution the accountants have ignored the provisions of the 1962 will, which directs that each legatee shall be charged with his or her own share of all inheritance taxes and other death taxes and have made their calculations in accordance with the directions contained in the 1959

will, charging a portion of the Pennsylvania Inheritance taxes and Federal estate taxes paid by the executor not only against the individual legatees, but also against the shares awarded to the charitable legatees which are, by law, exempt from the application of both of these taxes with the result that no portion of any of the taxes which have been assessed are attributable to the gifts to them.

Objections to this method of allocating the taxes were filed by St. Mark's Evangelical Lutheran Church of Philadelphia, the Lankenau Hospital, the American Oncologic Hospital and the Salvation Army, four of the charitable legatees.

The objections of the charitable legatees are well taken. In the 1962 will, which was the effective will, testatrix specifically revoked and made void any and all former wills and codicils previously made by her. The 1959 will and the two codicils thereto are void and have no dispositive value. They have been accepted in evidence only for the limited purpose of serving as a standard to ascertain whether the gifts to charities in the probated instrument were valid in accordance with the provisions of section 7 (1) of the Wills Act of April 24, 1947, P. L. 89, since testatrix died within 30 days of the execution of her last will.

In both wills the charities are given identical cash legacies and designated fractional shares of the residue, which has been converted into cash. In preparing the schedule of distribution, the accountants should have calculated the precise amount, in dollars, of each charitable legacy under the 1959 will and codicils, and the amount, in dollars, of these legacies under the 1962 will. The latter are valid only to the extent to which they do not exceed the prior gifts.

It is evident from a study of the applicable mathematics that the gifts to each charity will prove to be less under the 1962 will than under the 1959 will and

codicils, after taking into consideration the change in the method of allocating the taxes because in the latter will the total amount of the gifts to noncharitable legatees has been substantially increased over those contained in the previous instruments, thereby reducing the amount in the residue in which the charities share.

The objections to the schedule of distribution are sustained and the accountants are directed to prepare an amended schedule of distribution in accordance with this opinion.